UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PILOT FLYING J FUEL REBATE
CONTRACT LITIGATION (NO. II)                         MDL No. 2515


## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Pilot Corp. and Pilot Travel Centers LLC d/b/a Pilot Flying J (collectively Pilot) move to centralize this litigation in the Eastern District of Tennessee. All plaintiffs oppose the motion and, alternatively, variously suggest centralization in the Northern District of Alabama, the District of New Jersey, or the Southern District of Ohio. The litigation presently consists of seven actions pending in six districts, as listed on Schedule A.

We previously considered a motion to centralize one of the actions on this motion along with seven others, but determined that centralization at that time was inappropriate, given an impending nationwide class settlement. *See In re Pilot Flying J Fuel Rebate Contract Litig.*, __ F. Supp. 2d __, 2013 U.S. Dist. LEXIS 112360 (J.P.M.L. Aug. 8, 2013). That settlement has been granted final approval, and now before the Panel are seven actions brought by plaintiffs who have opted out of the settlement.

In opposing centralization, plaintiffs argue that there are relatively few actions pending, and that alternatives to centralization can minimize any overlap in discovery and pretrial proceedings. We are not persuaded that there are too few cases for the litigation to benefit from centralization. There are seven cases pending in six different courts, and most involve separate counsel. Moreover, Pilot represents that another 50 plaintiffs opted out of the class settlement, and therefore, it appears likely that additional related actions will be filed.

Plaintiffs also argue that individual issues of fact will predominate over those that are common because plaintiffs agreed to different rebate deals made by different regional sales managers. Much of the discovery in this litigation may be case-specific, but the fraud is alleged to have been centrally driven by Pilot management—the investigation by the Federal Bureau of Investigation has revealed that the fraudulent calculations of rebate amounts due were performed at Pilot headquarters. Moreover, it has been alleged that Pilot sales managers were instructed at company meetings as to how to perpetrate the fraud. Centralization will avoid repetitive depositions of Pilot's officers and employees and duplicative document discovery regarding the alleged scheme. Plaintiffs also argue

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan did not participate in the disposition of this matter.

-2-

that centralization is unnecessary because liability in these cases is established—an assertion that Pilot disputes.

On the basis of the papers filed and hearing session held, we find that these seven actions involve common questions of fact, and that centralization in the Eastern District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising out of allegations that defendants engaged in a fraudulent scheme of withholding diesel fuel price rebates or discounts that Pilot agreed by contract to apply to the diesel fuel purchases of its commercial trucking customers.

We conclude that the Eastern District of Kentucky is the most appropriate transferee district for pretrial proceedings in this litigation. Judge Amul R. Thapar is currently presiding over related criminal proceedings in the Eastern District of Tennessee. Therefore, he is familiar with the facts involved in this litigation. The Eastern District of Kentucky, where Judge Thapar sits, is easily accessible for parties and witnesses; and Kentucky borders Tennessee, where Pilot is headquartered, and where relevant documents and witnesses will be found.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Kentucky, and, with the consent of that court, assigned to the Honorable Amul R. Thapar for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer                    Sarah S. Vance
Ellen Segal Huvelle

IN RE: PILOT FLYING J FUEL REBATE
CONTRACT LITIGATION (NO. II)   MDL No. 2515

# SCHEDULE A

<u>Middle District of Alabama</u>

SHORELINE TRANSPORTATION OF ALABAMA USA, INC. V. PILOT
 CORPORATION, ET AL., C.A. No. 2:13-00362

<u>Northern District of Alabama</u>

OSBORN TRANSPORTATION, INC. V. PILOT CORPORATION, ET AL.,
 C.A. No. 4:13-00897

<u>Southern District of Alabama</u>

WRIGHT TRANSPORTATION, INC. V. PILOT CORPORATION, ET AL.,
 C.A. No. 1:13-00352

<u>District of New Jersey</u>

NATIONAL RETAIL TRANSPORTATION, INC., ET AL. V. PILOT
 CORPORATION, ET AL., C.A. No. 2:13-04798
MARIO'S EXPRESS SERVICE, INC. V. PILOT CORPORATION, ET AL.,
 C.A. No. 2:13-05398

<u>District of New Mexico</u>

TRIPLE D SUPPLY, LLC, ET AL. V. PILOT CORPORATION, ET AL.,
 C.A. No. 2:13-00655

<u>Southern District of Ohio</u>

FST EXPRESS, INC. V. PILOT TRAVEL CENTERS, LLC, C.A. No. 2:13-01005